CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
2/11/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY COCKHERN, | ) | |
| Petitioner, | ) ) | Case No. 7:24-cv-00260 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WARDEN OF U.S.P. LEE, | ) ) ) | By:   Hon. Thomas T. Cullen United States District Judge |
| Respondent. | ) | |

Petitioner Anthony Cockhern, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that the Federal Bureau of Prisons ("FBOP") has not properly credited his sentence for time spent in state custody between March 31, 2020, and September 27, 2022. (*See* ECF No. 3, at 2–3.) Respondent, the Warden of USP Lee, moves to dismiss this action for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 8.) For the reasons that follow, the court will grant Respondent's motion to dismiss.

## I.

The following summary of facts derives from the allegations in Petitioner's § 2241 petition and the public records Respondent offers to supplement the information contained in the petition.[1]

---

[1] Although a court may not ordinarily consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss, the court may take judicial notice of, and properly consider in connection with a Rule 12 motion, public records, including sentencing and parole records. *See Miller v. Hejirika*, No. CIV.A. GJH-14-2184, 2014 WL 4757472, at *1 (D. Md. Sep. 22, 2014) (citing *Witthohn v. Fed. Ins. Co.,* 164 F. App'x

On March 31, 2020, Petitioner was arrested by the Flint, Michigan Police Department on various state charges. (ECF No. 9-2.) On April 1, 2020, the State of Michigan executed a state parole violation warrant with the Genesee County Sheriff's Office. (ECF No. 9-3.) Petitioner was transferred to the custody of the Michigan Department of Corrections ("MDOC") as a parole violator to continue serving his sentence for previous convictions. (*Id.*) The state charges were dismissed on October 13, 2020 (ECF No. 9-2), and on June 16, 2021, Petitioner was indicted in the United States District Court for the Eastern District of Michigan on charges related to the March 2020 offense. (ECF No. 9-1.) On September 27, 2022, Petitioner was sentenced to 96 months' imprisonment, and his federal sentence was ordered to run concurrently with his state sentence. (ECF Nos. 3-1, 9-6.) He was paroled from state custody and transferred to the custody of federal authorities on January 4, 2023. (ECF No. 9-3.)

Petitioner now seeks to have his time spent in federal custody between March 31, 2020 (the date he was arrested on the now-dismissed state charges) and September 27, 2022 (the date he was sentenced on his federal conviction) credited toward his federal sentence. (*See* ECF No. 3, at 2–3 (asking for jail credit of 30 months).) The FBOP has refused to credit his federal sentence for this time, stating this time was credited toward Petitioner's Michigan state sentence. (*See* ECF No. 3-1; ECF No. 18, at 1–2.)

---

395, 397 (4th Cir. 2006)); *see also Haley v. Corcoran*, 659 F. Supp. 2d 714, 722 (D. Md. 2009) ("A district court may take judicial notice of 'matters of public record' without converting a Rule 12(b)(6) motion into a motion for summary judgment.").

2

Petitioner challenges the FBOP's determination, arguing simply that the FPOB miscalculated his sentence. (ECF No. 3, at 3.) Petitioner asks the court to order the FBOP to credit him for the time spent in custody during the period in question.

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall*

3

*v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). And, because Plaintiff is proceeding *pro se*, the allegations are construed "liberally" in his favor. *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up). Finally, a court may dismiss an action under Rule 12(b)(6) "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Sanchez v. Arlington Cnty. Sch. Bd.*, 563 F. Supp. 3d 484, 487 (E.D. Va. 2021) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)).

### III.

Respondent argues for dismissal on the grounds that (a) Petitioner failed to exhaust administrative remedies before filing his petition and (b) Petitioner is not entitled to prior-custody credit because the time he spent in primary state custody was applied to his state parole revocation sentence and therefore cannot be applied to his federal sentence. (ECF No. 9 at 6, 11.) Because the court agrees that Petitioner did not exhaust administrative remedies, it will dismiss his § 2241 petition on that basis.

"Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust administrative remedies prior to seeking habeas review under § 2241." *Woods v. Warden*, No. 7:17-cv-00358, 2019 WL 489135, at *2 (W.D. Va. Feb. 7, 2019); *see also McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); *United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (upholding dismissal for failure to exhaust

4

BOP's administrative remedies prior to filing § 2241 petition). The BOP has a multi-level administrative remedy procedure by which an inmate may present a complaint. First, a prisoner must try to resolve the matter informally, using a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the prisoner must then submit a Request for Administrative Remedy, commonly referred to as a BP-9, at his place of incarceration. 28 C.F.R. § 541.14. If the prisoner is not satisfied with the warden's response, he must submit a Regional Administrative Remedy Appeal, known as a BP-10 form, to the appropriate regional director within 20 days of the date the warden signed the response. Finally, if dissatisfied with the regional director's response, the prisoner must file a Central Office Administrative Remedy Appeal, known as a BP-11 form, with the BOP's Central Office within 30 days of the day the regional director signed the response. 29 C.F.R. § 541.15. "No administrative remedy appeal is fully exhausted until it is decided on the merits by staff in the BOP Central Office." *Al-Shabazz v. Streeval*, No. 7:23-cv-00138, 2024 WL 1212654, at *2 (W.D. Va. Mar. 21, 2024).

Petitioner's factual allegations establish that he did not exhaust his administrative remedies. In his petition, Petitioner states that he "attempted to exhaust his administrative remedies" and that copies of forms B-8, B-9, and B-10 are in his file. (ECF No. 3-1, at 1–2.) Specifically, Petitioner states that he filed an administrative remedy (BP-9) at the institutional level on September 14, 2023, which was denied on September 22, 2023. (*Id.* at 1; ECF No. 9-8.) He appealed the denial to the Regional Office (BP-10) on October 12, 2023, which was denied on December 8, 2023. (*Id.*) But he never filed the BP-11, the final step in the administrative appeal process, because, he claims, exhausting his administrative appeals would

5

have been futile and that the administrative review process would not have provided him with a remedy. (ECF No. 3-1, at 3.) He clarifies in his response to Respondent's motion that he was not at fault for his failure to exhaust because staff at USP Lee did not tell him about the need to file a BP-11 form. (ECF No. 19, at 1–2.)

The Fourth Circuit has stated that a prisoner's failure to exhaust his administrative remedies "may only be excused upon a showing of cause and prejudice." *McClung*, 90 F. App'x at 445. Courts in this Circuit have excused a § 2241 petitioner's failure to exhaust on the basis of futility, *Larue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W. Va. June 12, 2006), and when the agency's actions "clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown inadequate to prevent irreparable harm[,]" *Wright v. Warden, FCI-Cumberland*, No. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010). "[I]n some circumstances[,] an inmate's administrative remedies may be determined to have been rendered 'unavailable,' but the plaintiff 'must point to specific facts showing that officials prohibited or blocked his use of the grievance process.'" *Allen v. Shelton*, No. 7:22-cv-00408, 2023 WL 6389807, at *11 (W.D. Va. Sep. 29, 2023) (quoting *Heard v. Allen*, No. 1:09-cv-119, 2010 WL 3855235, at *4 (M.D. Ga. Aug. 12, 2010)). Such circumstances include prison officials' refusal to provide a prisoner with the forms needed to pursue the grievance process and informing a prisoner that a step in the administrative process need not or cannot be pursued. *Id.* (quoting *Minnis v. Jones*, No. 17-CIV-20575, 2017 WL 9605073, at *6 (S.D. Fla. Nov. 17, 2017)).

"Conclusory statements that exhaustion would be futile which are not substantiated with some evidence are not enough to evade the exhaustion requirement." *Woods*, 2019 WL

6

489135, at *2; *see also Reeder v. Phillips*, No. 1:07-cv-138, 2008 WL 2434003, at *3 (N.D.W. Va. June 12, 2008) ("Other than a bald assertion of futility, Reeder has presented no facts showing the administrative procedure to be inadequate or its results predetermined."); *Thetford Props. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990) ("Absent a clear showing that an administrative agency has taken a hard and fast position that makes an adverse ruling a certainty, a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion."). Finally, a prisoner's ignorance of the law or the grievance policy cannot excuse his failure to exhaust. *Adams v. Sw. Va. Reg'l Jail*, No. 7:12-cv-00462, 2014 WL 3828392, at *3 (W.D. Va. Aug. 4, 2014).

Petitioner's conclusory assertions in his petition fail to allege sufficiently specific reasons for the alleged futility of exhaustion, and he does not demonstrate cause and prejudice that would warrant excusing his failure to exhaust available administrative remedies. Petitioner's argument that his failure to exhaust should be excused because staff at USP Lee did not tell him about the need to file a BP-11 form is insufficient. His lack of knowledge of this part of the administrative process is not an excuse. *See Adams*, 2014 WL 3828392, at *3. Insofar as Petitioner contends that the prison staff refused to provide him with the proper form and/or told him that the final step in the administrative process could not or did not need to be pursued, he fails to provide any factual support for that claim. *See McMillian v. N.C. Cent. Prison*, No. 5:10-CT-3037-FL, 2013 WL 1146670, at *5 (E.D.N.C. Mar. 19, 2013); *Veloz v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004). Accordingly, Petitioner failed to exhaust his administrative remedies and his petition must be dismissed.

7

## IV.

For these reasons, the Respondent's motion to dismiss will be granted and the petition will be dismissed.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 11th day of February, 2026.

                                            */s/ Thomas T. Cullen*
                                            HON. THOMAS T. CULLEN
                                            UNITED STATES DISTRICT JUDGE